IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,233-01






EX PARTE ANTHONY BRANDON DOUCET, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 99-09-0041-C-CR-A IN THE 97TH JUDICIAL DISTRICT
COURT OF CLAY COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of arson, and punishment was assessed at eight years' confinement. No direct
appeal was taken. 

 Applicant contends that he is being denied due process under this Court's decision in
Ex parte Retzlaff, 135 S.W.3d 45 (Tex. Crim. App. 2004). According to Applicant, he has
been considered for release to mandatory supervision four times, and each time he has
received notice that he has been denied release prior to the date upon which he was notified
that his review would take place.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from TDCJ and the Board of Pardons and Paroles, or it may
order a hearing. In the appropriate case the trial court may rely on its personal recollection. 
 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant is eligible for mandatory supervision. If he is eligible, the court shall
make findings as to his eligibility date, the dates upon which he was notified he would be
reviewed and the dates upon which he was denied release. Along with its findings, the trial
court shall include copies of any notices sent to Applicant regarding the mandatory
supervision review process. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 29th DAY OF MARCH, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.